UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHASITY GRAYSON AND JOSH GRAYSON          PLAINTIFFS

vs.                                       No. 3:11- CV-163-CWR-FKB

MONCLA WELL SERVICE, INC., TERRY WALTERS;
KEY ENERGY SERVICES, LLC; ABC; AND DEF     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the plaintiffs' Motion to Remand [Docket No. 3]. Having reviewed the motion, response, supporting memoranda, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds that the motion must be DENIED.

### I.   BACKGROUND

On January 29, 2010, this personal injury suit was filed in the Circuit Court of Smith County, Mississippi on behalf of Chasity and Josh Grayson against Moncla Well Service, Inc. (hereinafter "Moncla"), Terry Walters, Key Energy Services, LLC (hereinafter "Key Energy"); ABC, and DEF. Plaintiffs allege that on February 1, 2007, Walters, while traveling south on Smith County Road 8, failed to yield to the right of way and collided with the left driver side of Chasity Grayson's vehicle, which was traveling east on Highway 28, and thereby forced Plaintiffs off the road. See Complaint, at ¶ 7. [Docket No. 1-1]. Plaintiffs contend that Defendant Terry Walters was careless, negligent, and reckless in the operation of the vehicle, and Defendant Key Energy Services, LLC, is vicariously liable because Walters was acting within the course and scope of his employment.[1] *Id.* In addition, Plaintiffs assert, *inter alia,* that Defendant was

---

[1] Plaintiffs filed the instant action against Moncla on January 29, 2010. Effective December 31, 2007, Moncla, a corporation organized under the laws of Louisiana, was merged into Key Energy. Key Energy is a limited liability

negligent and/or reckless in conducting its business operation by failing to properly train and supervise its employee drivers; specifically Walters. *Id.* at ¶11.

On March 18, 2011, Key Energy removed this action to this Court based on diversity jurisdiction [Docket No. 1],[2] and Plaintiffs have now moved to remand [Docket No. 3]. The central focus of the dispute between the parties is whether the removal is timely. Defendant contends that it removed this action within thirty days of learning that the amount in controversy exceeded $75,000. Grayson counters that the parties have engaged in "extensive" discovery for more than a year, and the "Defendants were aware of the damages alleged and the medical expenses incurred but took no action to remove this action within said year." Motion to Remand, at ¶ 4 [Docket No. 3]. Key Energy responds that although the removal was filed more than a year after the Complaint was filed, it was timely under the equitable tolling exception to the removal statute as set forth in *Tedford v. Warner Lambert Co.*, 327 F.3d 423 (5th Cir. 2003).

## II. ANALYSIS

Neither party disputes the presence of diversity in the instant matter. Plaintiffs' Motion to Remand is premised solely on the alleged untimeliness of the defendant's Notice of Removal. The relevant statute, 28 U.S.C. § 1446(b), provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the

---

company organized under the laws of Texas with its principal place of business in Texas. Notice of Removal, at ¶ 4 [Docket No. 1]. Terry Walters, a resident of Laurel, Mississippi, was deceased when this action was filed, and the Plaintiffs have never attempted to join Mr. Walters' estate. Memorandum Brief of Defendant in Support of its Response to Plaintiffs' Motion to Remand, at 1 [Docket No. 9]. Obviously, Walters could not join in the removal. Furthermore, there is no possibility that Plaintiff could recover from Walters as it is impossible under Mississippi law to recover a judgment against a deceased person. *Necaise v. Sacks*, 841 So.2d 1098, 1105 (Miss. 2003). Plaintiffs have never sought to amend their Complaint nor provided the identity of Defendants ABC & DEF. The Court finds, therefore, that the removal petition did not require joinder of any additional defendants. See 28 U.S.C. § 1441(a).

[2]District Courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costss. 28 U.S.C. § 1332(a)(1).

2

defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

According to Plaintiffs, Defendant missed its window for removal as it defended the action before the Circuit Court of Smith County, Mississippi for more than a year. Moreover, Plaintiffs contend that Defendant has no plausible excuse as it knew or should have known that the amount in controversy *could* exceed $75,000.00. [Docket No. 5 at 3].

Where the initial pleading does not demonstrate that the action is immediately removable then a removing party, which later receives some "other paper", must look to the second paragraph of 28 U.S.C. § 1446(b) for guidance. Plaintiffs' mere claim in their Complaint that they are entitled to recover "any and all damages allowed by law" does not constitute a specific assertion that their damages are in excess of $75,000.00 See *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). *See also Church v. Nationwide Ins. Co.*, 2011 WL 2112416, at *3 (S. D. Miss. 2011). As discussed more fully below, Key Energy used the discovery process, the "preferred approach," *see, Citizens Nat. Banc Corp. v. Directory Assistants, Inc.*, 2007 WL 4293304, at *2 (S.D. Miss. 2007), to elicit from the Graysons that they were seeking more than the jurisdictional limit, but the Graysons refused to divulge that information. That the damage amount exceeded $75,000 became patently clear only after Plaintiffs' counsel submitted a settlement demand. That settlement demand satisfied the "other paper" requirement under § 1446(b). See *McConnel v. Funk*, 2010 WL 4736257, at *4 (S.D. Miss., 2010), (citing *Addo v. Glove Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000)). The demand triggered the

3

thirty-day removal period. Key Energy removed this matter seventeen days after receiving it. Thus, the removal was well within the thirty-day removal period mandated by § 1446(b).

**Key Energy's Removal was Proper Even Though it Occurred More Than One Year After the Action was Coommenced.**

Plaintiffs assert that because this action has been pending for more than a year, it is not removable and should be remanded to Smith County Circuit Court. Motion to Remand [Docket No. 3], at ¶ 3. The Court disagrees. Key Energy has made a clear showing of forum manipulation, and it would not be equitable to apply the one-year limit under these circumstances.

More to the point, as noted above Grayson did not demand a specific sum for damages in her Complaint. She alleges that she was "entitled to recover any and all damages allowed by law from the Defendants . . . for the injuries and damages sustained." Complaint, at ¶ 14. She prayed for "an amount that the jury believes is fair and reasonable and all costs of Court, and all pre-judgment and post-judgment interest as allowed by law." Moreover, nothing about the allegations in the Complaint makes it obvious to the Defendant that Plaintiff was demanding in excess of $75,000.[3] Thus, the removal clock had not begun to run. To ascertain what Plaintiffs were demanding, Key Energy, within two months of being served, propounded discovery. See Key Energy Services, LLC's First Set of Interrogatories and Requests for Production to Plaintiffs [Docket No. 1-1]. Interrogatory No. 5 specifically requested as follows:

> State the exact dollar amount of compensatory damages you are seeking and assign a dollar amount for each element of compensatory damages you are seeking, describing the factual basis of how you arrived at each dollar amount and identifying any documents or witnesses that relate to your response to this interrogatory.

---

[3]Chasity Grayson's vague description of the accident alleges that she was "forc[ed] off the road [and] her vehicle [came] to final rest immersed in water on the eastbound shoulder of Highway 28, " *see,* Complaint, at ¶ 7, resulting in "injuries; pain and suffering; hospital, doctor and medical bills; liabilities; expenses; and other losses and damages." *Id.* at 13.

4

When Plaintiffs failed to respond to the interrogatories within the time period required by Rule 33 of the Mississippi Rules of Civil Procedure, Key Energy, "in good faith, inquired about the delinquent responses and offered an extension for the Plaintiffs to serve the responses." *Motion to Compel* [Docket No. 1-1], at 21, ¶3. After the agreed upon extension had passed, Key Energy filed a Motion to Compel. *Id.* The state court then held a hearing on the Motion to Compel and granted Key Energy's motion and ordered Plaintiffs to "serve their full and complete responses" to Key Energy within 30 days of October 8, 2010. *Order Granting Defendants' Motion to Compel* [Docket No. 1-1], at 28. On November 9, 2010, Chasity Grayson submitted her responses. See *Plaintiff Chasity Grayson's Respons[sic] to Defendant Key Energy Services [sic], LLC's First Set of Interrogatories and Request for Production of Documents* [Docket No. 1-1], at 30. In response to Interrogatory No. 5, she provided the following answer:

> Answer: Plaintiffs are seeking such amount a jury shall determine is fair and reasonable to compensate them for their injuries.

*Id.* at 31. Plaintiffs' failure to provide adequate responses to the interrogatories forced Key Energy to file a Motion for Contempt. *Id.* at 74. Key Energy alleged that Plaintiffs' responses were "woefully incomplete," not in compliance with the Court's order and totally deficient in some respects particularly since no responses at all had been provided for Josh Grayson. *Motion for Contempt* [Docket No. 1-1], at 74. Although Chasity Grayson declined to execute a HIPPA authorization release form so that Key Energy might obtain copies of her medical records, the medical records she provided in response to the discovery requests totaled less than $9,000. [Docket No. 9], at 7. And in response to Interrogatory 8, which requested that she detail all of her alleged injuries and other damages related to or arising from the accident Ms. Grayson answered:

> I sustained cuts and bruises over my body. My head, neck, shoulders, and back was [sic] injured. I was unable to sleep. I had headaches and seizures. I could not drive for one year following the accident. Please see plaintiff's medical records.

5

[Docket No. 1-1], at 32.

No hearing was held on the Motion for Contempt as Plaintiffs' counsel advised Key Energy that supplemental responses to the interrogatories and executed releases had been mailed or were on their way. [Docket No. 1-1], at 142. In January 2011, Josh Grayson answered the discovery for the first time. Like Chasity Grayson, he provided no specific amount with respect to his damages, and when describing his injuries he stated, "my back was injured." [Docket No. 1-1], at 197. The very first time Key Energy became aware of the amount of damages Plaintiffs were seeking was when Plaintiffs forwarded their settlement demand on March 1, 2011 claiming that counsel was now authorized to settle Chasity's claim for $150,000 and Josh's claim for $25,000. [Docket No. 1-1], at 213. This demand served as the basis for Key Energy's removal.

Here, for quite some time, Plaintiffs did everything they could including defying a state court order to avoid setting forth its demand for damages in an amount that would have triggered removal earlier.[4] "Mysteriously", the formal settlement demand was sent to counsel for Key Energy a year after the lawsuit was filed obviously in the hopes of frustrating any attempt at removal. Such manipulation is contrary to the letter and spirit of the law of removal. *See Brown v. Descheeny*, 2010 WL 1141156, at *2 (S.D. Miss. 2010); *Morrison v. National Ben. Life Ins. Co.*, 889 F.Supp. 945, 950-51 (S.D. Miss. 1995); and *Styron v. State Farm Fire. & Cas. Co.*, 2011 WL 721473, at *4 (W.D. La. 2011).

Plaintiffs argue that no equitable exemption applies and that *Tedford* is easily distinguishable because that case as opposed to the instant case involved a plaintiff who actively participated in "forum manipulation" which justified application of an equitable exemption. [Docket No. 5], at 4. Additionally, Plaintiffs argue that the *Tedford* decision should not apply

---

[4] The "extensive" discovery in which Plaintiffs allege the parties were engaged was limited to Defendant hauling them before the trial court to make them comply with the rules of discovery.

6

because at least 31 courts have either disagreed with, declined to follow, or declined to apply it. [Docket No. 5 at 5]. Of the "31" courts Plaintiffs mention, however, they rely upon only four. Each case is distinguishable, and Plainiffs' reliance upon them is misplaced. In *Williams v. National Heritage Realty Inc.*, 489 F.Supp.2d 595, 597 (N.D. Miss. 2007), for example, Judge Mills remanded a case to state court which had been removed five years after the Complaint was filed and the basis of the removal stemmed from changes in the governing law over which plaintiff absolutely had no control. The Court found that absent the change in the law, the defendants would have had no arguable basis for removing the case and to allow removal on changes in the law whether by statute or judicial decisions would result in constant re-litigation. *Id.* The other three cases upon which the Plaintiffs rely, *Davidson v. Life Ins. Co. of North America, Inc.*, 716 F.Supp. 674 (D. Mass. 1989), *Golke v. Lee Lumber & Building Materials Corp.*, 671 F.Supp. 568 (E.D. Ill. 1987), and *Padilla v. Digital Equipment Corp. of Puerto Rico*, 735 F.Supp. 50 (D. Puerto Rico. 1990), are even more unavailing. Neither of these three cases even involved the question of diversity jurisdiction. In addition, in *Davidson* and *Golke*, it was clear on the face of the complaints that plaintiffs asserted claims covered by federal law and defendants should have removed the matter within thirty days of being served with the Complaint. In *Padilla*, the amended complaint including a claim under the ADEA made it "undisputable" that federal subject matter jurisdiction was invoked. 735 F.Supp. at 52, n. 1.

In the case at hand, the Court finds that equitable principles demand a finding that Key Energy's removal is proper. The Court is left unpersuaded by Plaintiffs' citation to the inapposite cases discussed above and their feeble attempt at distinguishing *Tedford* in support of their contention that an equitable exception to § 1446(b) should not apply. Like the Plaintiff in Tedford, the Graysons have simply attempted to manipulate the statutory rules. Moreover, Key

7

Energy was vigilant in trying to decipher if Plaintiffs were seeking to recover more than the jurisdictional amount. Without such information, Key Energy was without a proper basis to remove. *See, e.g., Lewis v. Abbott Laboratories*, 189 F.Supp.2d 590, 593 (S.D. Miss. 2001)(to justify removal, defendant must have more than a hunch or suspicion that the amount in controversy exceeds $75,000).[5]

Therefore, the Court is convinced that Plaintiffs tried to thwart Defendant's right to remove by attempting to manipulate the statutory rules for determining federal removal jurisdiction just as the plaintiffs did in *Tedford*. Simply put, January 29, 2011, would normally mark the one-year deadline to remove. However, equitable tolling allows this case to be removed more than one year after it was commenced. As the *Tedford* Court noted, "Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Tedford*, 327 F.3d at 426. Accordingly, this Court finds that the actions of the plaintiffs in the case *sub judice* warrant an equitable except to the one-year time limit in favor of the defendant such that its removal is not time-barred.

---

[5]The injuries allegedly sustained by these documents as "detailed" in their discovery responses, see *supra*, 6, do not provide sufficient notice that they were seeking more than the jurisdictional amount. *See, e.g., Harden v. Field Mem. Comm. Hosp.*, 256 Fed.Appx. 405, *3 (5th Cir. 2008)(complaint asserting that plaintiff had suffered fractured nose, fractured jay, lacerations to her face and gums, broken dentures and contusions on her face and body and that she was seeking damages for past, present and future harm was not enough to place defendants that damages exceeded $75,000); *Reed v. Flores*, 2009 WL 3766693, *1 (N.D. Miss. 2009)(where Plaintiff alleged loss of vision in one eye, emotional damage, including pain and suffering did not make it apparent that damages claim exceeded jurisdictional amount); *Touchet v. Union Oil Co.*, 2002 WL 465167 (E.D. La. 2002)(plaintiff alleged injury to his "neck, back, and other parts of his body" and sought damages for ". . . mental and physical pain and suffering, past and future; medical expenses, past and future; loss of wages and impairment of earning capacity, past and future; permanent disability; and loss of enjoyment of life"; court found that it was not facially apparent that the claims exceeded $75,000 due to lack of specificity as to the level or severity of plaintiff's injuries and because the damages sought were a "typical listing of damage categories that a prudent attorney will include in his petition when medical treatment or complaints of pain are ongoing"); and *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. 2008) (court held that even though plaintiff alleged in her complaint that an automobile accident caused by the defendant's negligence resulted in injuries to the "muscles, ligaments, tendons of the cervical, thoracic and lumbar spine which have and are continuing to cause [her] pain and suffering, limitation of motion, residual dysfunction, disability, lost wages, impairment of earning capacity, loss of enjoyment of life and medical expenses, past, present, and future. . ." it was still not facially apparent that the plaintiff's claims exceeded $75, 000).

## III. CONCLUSION

IT IS, THEREFORE ORDERED AND ADJUDGED that the Plaintiffs' Motion to Remand [Docket No. 3] is denied.

SO ORDERED, this the 2nd day of September, 2011.

                                          s/Carlton W. Reeves
                                          UNITED STATES DISTRICT JUDGE